# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-1688V

|  |  |
|---|---|
| JANE ROBINSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 4, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

On November 25, 2020, Jane Robinson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. Because entitlement was contested, the parties were ordered to file briefs addressing whether Petitioner has established a Table case, and setting forth their respective arguments on damages should I find entitlement in favor

---

[1] Because this Ruling and Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of Petitioner. The parties were subsequently notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on February 26, 2024

Petitioner argues she has established a Table claim for a SIRVA pursuant to 11(c)(1)(A)(B)(D)(E) of the Vaccine Act and 42 C.F.R. § 100.3(c)(10). She requests **$125,000.00** in compensation for her actual pain and suffering.

Respondent disputes that Petitioner has established a Table claim for a SIRVA. Specifically, Respondent argues Petitioner has failed to establish that pain was limited to her left shoulder where she received the flu vaccine pursuant to 42 C.F.R. § 100.3(a)(I)(C), (c)(10). If I find that Petitioner has established a Table case, Respondent recommends an award of $**90,000.00**.

After listening to the arguments of both sides, I issued an oral ruling on entitlement and damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. And as discussed during my oral ruling, in another recent decision I discussed at length the legal standards to be considered in determining entitlement and damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Sections I fully adopt and hereby incorporate my prior discussion in Sections II and III of *Winkle v. Sec'y Health & Hum. Servs.*, No. 20-0485V, 2022 WL 221643, at *2-4 (Fed. Cl. Spec. Mstr. Jan. 11, 2022) to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding entitlement and damages herein.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), I find that Petitioner has established the SIRVA Table requirements pursuant to 42 C.F.R. § 100.3(a)(XIV)(B) and (c)(10) , as well as the elements for a claim under Section 11(c), *i.e.,* receipt of a covered vaccine, residual effects of injury lasting six months, etc. *See generally* Section 11(c)(1)(A)(B)(D)(E). I therefore find that Petitioner is entitled to compensation in this case. I also find that $**118,000.00** represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.[3] And Petitioner is entitled to $**478.69** in actual unreimbursable expenses.

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

Accordingly, **I award Petitioner a lump sum payment of $118,478.69 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.